UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRED HARRIS,

                          Plaintiff,

                                                                      9:14-CV-0404
v.                                                                      (GTS/ATB)

STOCKWELL, C.O., Upstate Corr. Facility;
SMITH, C.O., Upstate Corr. Facility;
RILEY, Corr. Sergeant, Upstate Corr. Facility;
KEMP, Social Worker and Office of Mental Health
Coordinator, Upstate Corr. Facility;
MOORE, C.O., Upstate Corr. Facility; and
GEORGE WATERSON, Nurse, Upstate Corr. Facility,

                          Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

FRED HARRIS, 11-A-1870
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN           TIMOTHY P. MULVEY, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Fred Harris

("Plaintiff") against the six above-captioned employees of the New York State Department of

Corrections and Community Supervision ("Defendants"), are the following: (1) Defendants'

motion for summary judgment; (2) United States Magistrate Judge Andrew T. Baxter's Report-

Recommendation recommending that Defendants' motion be granted in part and denied in part without prejudice; (3) Defendants' Objection to the Report-Recommendation, and (4) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 72, 78, 79, 81.) For the reasons set forth below, the Report-Recommendation is accepted and adopted, in part for the reasons stated therein and in part on other grounds; and Defendants' motion for summary judgment is granted in part and denied in part without prejudice.

I. RELEVANT BACKGROUND

A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following two recommendations: (1) that Plaintiff's Eighth Amendment claims of deliberate indifference to serious medical needs be dismissed against Defendants Kemp and Waterson due Plaintiff's failure to establish either a sufficiently serious medical need or a sufficiently culpable state of mind with regard to such a need; and (2) that Plaintiff's Eighth Amendment claims of excessive force and failure to protect not be dismissed against Defendants Riley, Stockwell, Smith and Moore due to the need for additional discovery pursuant to Fed. R. Civ. P. 56(d), specifically, the need to give Plaintiff a full and fair opportunity to obtain the affidavit of Inmate Sayfuddin Plair (an alleged witness to the alleged bruises sustained by Plaintiff during the alleged use of excessive force), in light of Great Meadow Correctional Facility Captain Mulcahy's insufficient explanation for why Plaintiff was being denied an exception to the restriction on correspondence between inmates pursuant to N.Y.C.R.R. § 720.6(c)(2). (Dkt. No. 79, at Parts III and IV.)

**B.     Defendants' Objection to the Report-Recommendation**

Generally, in their Objection to the Report-Recommendation, Defendants argue that, while the Court should adopt Magistrate Judge Baxter's recommendation regarding Plaintiff's Eighth Amendment claims of deliberate indifference to serious medical needs, it should reject his recommendation regarding his Eighth Amendment claims of excessive force and failure to protect, because Magistrate Judge Baxter erred in finding that Plaintiff has not had a full and fair opportunity to obtain the affidavit of Inmate Sayfuddin Plair. (Dkt. No. 79.) More specifically, argue Defendants, Magistrate Judge Baxter erred in relying on Captain Mulcahy's (purportedly insufficient) explanation for three related reasons: (1) there is no evidence that Defendants Riley, Stockwell, Smith and Moore played any role in the Great Meadow Correctional Facility Superintendent's denial of Plaintiff's request for an exception to the restriction on correspondence between inmates; (2) those Defendants' counsel cannot go beyond the authority of prison officials (who are not parties to this action) to facilitate Plaintiff's obtaining testimony from an inmate witness; and (3) while Plaintiff certainly must be afforded special solicitude in pleading his claims and asserting arguments in opposition to Defendants' motion for summary judgment, that special solicitude does not warrant the Court's litigating on behalf of Plaintiff (and helping him overcome the legitimate obstacles presented by his incarceration). (*Id.*)

**C.     Plaintiff's Objections to the Report-Recommendation**

Generally, in his Objections to the Report-Recommendation, Plaintiff argues that, while Magistrate Judge Baxter correctly determined that Plaintiff is entitled to additional discovery on his claims of excessive force and failure to protect, Magistrate Judge Baxter erred regarding (1) Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Waterson (because there are certain discrepancies on page 10 of the Report-Recommendation), and (2)

3

Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Kemp (because Plaintiff's hunger strike started on January 14, 2013, not on January 22, 2013). (Dkt. No. 81.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at \*1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

       ³      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

Beginning with Plaintiff's Objections, the Court can find no error in those parts of Magistrate Judge Baxter's Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts Magistrate Judge Baxter's thorough recommendation regarding Plaintiff's Eighth Amendment claims of deliberate indifference to serious medical needs against Defendants Kemp and Waterson for the reasons stated in the Report-Recommendation. (Dkt. No. 78, at Part III.)

Turning to Defendants' Objection, the Court is mindful of the predicament of a United States magistrate judge in the Second Circuit when it comes to discovery problems such as this

---

to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

one. There is a fine line between (a) encouraging defense counsel to facilitate what appears to be unobjectionable communication between a *pro se* civil rights prisoner-plaintiff and his inmate witness and (b) requiring a defendant to file a second motion for summary judgment (or stand trial) due to an ambiguous action of a non-party.[5] Here, Magistrate Judge Baxter appears to have scrupulously followed that line. While the Court might have more strictly enforced Fed. R. Civ. P. 56(d)'s requirement of an affidavit specifying (among other things) what effort the affiant has made to obtain the facts in question and why the affiant has been unsuccessful in those efforts,[6] Magistrate Judge Baxter appears to have exercised the discretion not to do so, given Plaintiff's *pro se* status and his verified factual assertions (in his opposition papers). *See, e.g., Hussain v. Burton and Doyle of Great Neck, LLC*, 14-CV-5924, 2016 WL 6088309, at *3 (E.D.N.Y. Oct. 18, 2016).

However, fortunately, the Court need not resolve the thorny issue presented by Defendant's Objection. This is because an alternative ground exists upon which to base the denial of Defendants' motion with regard to Plaintiff's Eighth Amendment claims of excessive force and failure to protect: setting aside whether Plaintiff has been given a full and fair opportunity to obtain the affidavit of Inmate Plair, the current record contains admissible evidence from which a rational fact-finder could render a judgment in favor of Plaintiff on those

---

[5] The Court notes that the governing regulation requires merely that the denial include a statement of reasons therefor. N.Y.C.R.R. § 720.6(d)(1). Here, the denial appears to indicate that the reasons were that (a) Plaintiff's statement that his quest for the affidavit was still on "ongoing" process, and (b) Plaintiff failed to state why (other than his ongoing case against Stockwell) he desired to communicate with Inmate Plair (i.e., he failed to state why he needed an affidavit from Inmate Plair). (Dkt. No. 58, Attach. 1.) However, that fact is not clear from the face of the denial.

[6] *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003). The Court notes that such an affidavit would appear to have been material because, pursuant to N.Y.C.R.R. § 720.6(d)(1), Plaintiff could have appealed the denial, but failed to do so.

claims (thus warranting the partial denial of Defendants' motion). More specifically, that evidence consists of Plaintiff's deposition testimony, and sworn factual allegations in his Amended Complaint,[7] that, without justification, Defendants punched and kicked him in the face, back and ribs for approximately five minutes, causing him physical bruising. The only grounds on which the Court could set aside this evidence is if the evidence were (1) wholly uncorroborated by the other evidence in the record, and (2) internally contradictory. *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005). These two requirements have not been established. However, because this last issue has not been briefed, the Court finds that the partial denial of Defendants' motion should be without prejudice.[8]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 78) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 72) is **GRANTED** as to Plaintiff's Eighth Amendment claims of deliberate indifference to serious medical needs against Defendants Kemp and Waterson, who are **DISMISSED** from this action; and it is further

---

[7] *See, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir.2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir.2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.").

[8] The Court notes that, should Plaintiff's Eighth Amendment claims survive a second motion for summary judgment and proceed to trial, he would, of course, be able to subpoena Inmate Plair to testify regarding Plaintiff's alleged injuries following the alleged assault.

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 72) is **<u>DENIED</u> without prejudice** as to Plaintiff's Eighth Amendment claims of excessive force and failure to protect against Defendants Stockwell, Smith, Riley, and Moore; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule this case for trial. The parties are directed to appear at that pretrial conference with settlement authority.

Dated: December 9, 2016
       Syracuse, New York

                                            HON. GLENN T. SUDDABY
                                            Chief United States District Judge